ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Telephone No.: 212-603-6300
**A. Mitchell Greene**
**Robert M. Sasloff**
*Counsel for the Debtor and Debtor in Possession*

Hearing Date and Time:
December 8, 2016 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                                                          Chapter 11

**ARTISANAL FROMAGERIE & BISTRO LLC,**          Case No. 16-12337-jlg

                                            Debtor.
-----------------------------------------------------------------X

### DECLARATION OF SARID DRORY IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A), 305(A) AND 1112(B) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE

**Sarid Drory** declares as follows:

1. I am the managing member of **Artisanal Fromagerie & Bistro LLC** (the "Debtor"), and am fully familiar with the facts set forth herein.

2. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

3. I submit this Declaration in further support of Debtor's Motion Pursuant to Sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code for Entry of an Order Dismissing Chapter 11 Case (the "Dismissal Motion").

4. On August 12, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. The Debtor owned and operated a restaurant from premises located at **2 Park Avenue, New York, New** York (the "Premises"). The Debtor filed for Chapter 11 protection to stay the eviction against the leased Premises.

6. Since the Petition Date, the Debtor had to enter into a stipulation with the landlord for the peaceful vacatur of the Premises, after the Landlord had filed in a motion seeking stay relief on shortened notice. That stipulation was approved, and the Debtor vacated the Premises on November 1, 2016. The Debtor has priority and secured obligations well in excess of $1 Million, but no business to reorganize since it surrendered the Premises. The Debtor's main means to reorganize would have been from the Premises; but with its surrender, the Debtor has no means to reorganize and has no free assets to liquidate. Accordingly, the Debtor submits that here is no longer any purpose for the Debtor to remain in Chapter 11.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed this **14**[th] day of **November, 2016.**

/s/Sarid Drory
**SARID DRORY**

823141