

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

Mark R. Somerstein
212-841-8814
Mark.Somerstein@ropesgray.com

March 22, 2017

**By Hand and ECF**

The Honorable James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: <u>In re Artisanal Fromagerie & Bistro, LLC</u>
<u>Chapter 11 Case No. 16-12337 (JLG) (Bankr. S.D.N.Y.)</u>

Dear Judge Garrity:

This firm represents PPF OFF Two Park Avenue Owner, LLC ("<u>Two Park</u>") in the above-referenced bankruptcy case. I refer to that certain (i) *Debtor's Motion Pursuant to Sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code for Entry of an Order Dismissing Chapter 11 Case* [Dkt. No. 31] (the "<u>Motion to Dismiss</u>") and (ii) *PPF OFF Two Park Avenue Owner, LLC's Opposition to Debtor's Motion to Dismiss the Chapter 11 Case and Cross-Motion to Convert to a Case under Chapter 7* [Dkt. No. 42] (the "<u>Motion to Convert</u>" and, together with the Motion to Dismiss, the "<u>Motions</u>").

During yesterday's hearing on the Motions, Your Honor requested a letter brief regarding the attached settlement agreement by and among Two Park, Stephanie Schulman (a non-debtor), Robinson Brog Leinwand Greene Genovese & Gluck P.C., and Ropes & Gray LLP (the "<u>Settlement Agreement</u>"), and, specifically, whether the proceeds to be paid to Two Park pursuant to the Settlement Agreement are in settlement of estate causes of action. I write in response to the Court's request and look forward to addressing these matters with the Court on Friday, March 24th at 11:00 a.m.

As set forth more fully in the Settlement Agreement, Ms. Schulman will pay Two Park the Escrow Funds (as defined in the Settlement Agreement) in exchange for Two Park's (i) release of Ms. Schulman, various entities affiliated with Ms. Schulman, and the Debtor and (ii) withdrawal of the Motion to Convert. Importantly, however, the Escrow Funds are only paid to Two Park (and the releases are only effective) upon dismissal of the Debtor's chapter 11 case. *See* Settlement Agreement at 3, ¶ 6. Thus, while the Escrow Funds, in large part, constitute consideration for certain Two Park releases, including of potential fraudulent transfer claims, no estate causes of action are implicated by the settlement. Rather, if the Court dismisses the Debtor's chapter 11 case,

Honorable James L. Garrity, Jr. - 2 -

a predicate for the effectiveness of the settlement (and the releases), Two Park will only be releasing fraudulent transfer claims that Two Park will have regained standing to pursue at state law following dismissal of the bankruptcy case.

In conclusion, Two Park submits that there is no prohibition or limitation on the ability of Two Park and a non-debtor from entering into a settlement, which only provides for payment of the settlement proceeds and release of Two Park's claims at state law if the bankruptcy case is dismissed. Accordingly, Two Park supports dismissal of the Debtor's chapter 11 case so that Two Park may be restored to those rights and remedies it has outside of bankruptcy, including the right to settle claims of Two Park arising under state law.

Respectfully submitted,

s/ Mark R. Somerstein

Mark. R. Somerstein

Enclosure

cc: Robert M. Sasloff, Esq. (via e-mail w/encl.)
    Richard C. Morrissey, Esq. (by hand w/encl.)

## Settlement Agreement

**WHEREAS,** on August 12, 2016 (the "Petition Date"), Artisanal Fromagerie & Bistro LLC ("Artisanal"), the debtor and debtor in possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS,** PPF OFF Two Park Avenue Owner, LLC ("Two Park"), is the owner of the real property located at 2 Park Avenue, New York, New York (the "Building");

**WHEREAS,** Two Park, by a predecessor in interest, had leased a portion of the Building (the "Premises") to Artisanal pursuant to a written lease dated September 8, 2000 (the "Lease") for a fifteen (15) year term and Artisanal formerly operated its business from the Premises;

**WHEREAS,** the Lease expired by its terms on September 30, 2015, and Artisanal failed to vacate the Premises;

**WHEREAS,** prior to the Petition Date, the Landlord had commenced against Artisanal a holdover action in the Civil Court of the City of New York, pending under L&T Index No. 50707/16, which action was opposed;

**WHEREAS,** on September 2, 2016, Two Park and the Debtor filed a stipulation and order on motion of Two Park to dismiss the Chapter 11 case or, alternatively, for relief from the automatic stay to the extent applicable to permit lessor to obtain possession of the premises subject to expired and terminated nonresidential real property lease (the "September Stipulation"), which was approved and so ordered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 19, 2017;

**WHEREAS**, the September Stipulation required the Debtor to surrender the Premises to Two Park on or before November 1, 2016 at 5:00 p.m., and the Debtor did so;

**WHEREAS**, on November 14, 2016, the Debtor filed a motion pursuant to sections 105(a), 305 (a) and 1112(b) of the Bankruptcy Code for entry of an order dismissing the Chapter 11 case (the "Motion to Dismiss");

**WHEREAS**, on February 17, 2017, Two Park filed an opposition to the Motion to Dismiss and cross-motion to convert to a case under Chapter 7 (the "Opposition and Cross-Motion");

**WHEREAS**, the Bankruptcy Court has scheduled a hearing on the Motion to Dismiss to occur on March 21, 2017 at 10:00 a.m. (the "Hearing");

**WHEREAS**, Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") is acting as an escrow agent in connection with this agreement (the "Agreement"), and has received $100,000 from persons other than the Debtor or Mr. Sarid Drory (the "Escrow Funds") which Robinson Brog is currently holding in an escrow account (the "Escrow Account"); and

**WHEREAS**, Ropes & Gray LLP ("Ropes & Gray") is counsel to Two Park in connection with its dispute with Artisanal and is acting as an escrow agent in connection with the Agreement;

**NOW, THEREFORE**, for good and valuable consideration, it is hereby stipulated and agreed by and between Two Park; Ms. Schulman; Robinson Brog, solely in its capacity as an escrow agent; and Ropes & Gray, solely in its capacity as an escrow agent (each, a "Party" and, together, the "Parties") as follows:

1. The foregoing recitals are incorporated by reference and made a part hereof.

2. Upon execution of the Agreement, Two Park shall: (a) withdraw the Opposition and Cross-Motion; (b) execute the mutual release in the form reflected in Exhibit A hereto (the "Mutual Release"); and (c) place such Mutual Release executed by Two Park in escrow with Ropes & Gray, which shall release the document in accordance with paragraph 7 hereof.

3. Two Park, through its counsel, shall state on the record at the Hearing that Two Park supports dismissal of the Chapter 11 case.

4. Ms. Schulman hereby warrants and represents that the Escrow Funds are her rightful funds and are not property of, do not belong to, and are not subject to any claim by, the Debtor or the Debtor's estate.

5. Robinson Brog hereby warrants and represents that it is currently holding the Escrow Funds in the Escrow Account and that it did not receive, directly or indirectly, any of the Escrow Funds from the Debtor or Mr. Drory.

6. Within one (1) business day of the entry by the Bankruptcy Court of a final and non-appealable order dismissing the Chapter 11 case ("Final Dismissal Order"), Robinson Brog shall release the Escrow Funds from the Escrow Account to Two Park in immediately available funds in accordance with the wire instructions provided in Exhibit B hereto (the "Payment").

7. Ropes & Gray shall release the Mutual Release executed by Two Park from escrow by emailing such document to Robinson Brog on the ninety-first (91st) day after the Payment is made in accordance with paragraph 6 hereof, provided that: (a) no bankruptcy proceedings have been filed by or against Ms. Schulman or Mr. Drory as of that date, and (b) Robinson Brog has emailed a copy of the Mutual Release executed by Artisanal and Mr. Drory, in his personal capacity, to Ropes & Gray within seven (7) business days after the entry of the Final Dismissal Order (together, the "Conditions").

8. For the avoidance of doubt, if either of the Conditions is not met, then: (a) the Mutual Release shall be null and void and of no force or effect; (b) Two Park shall retain, and shall be under no obligation to return to Robinson Brog or Ms. Schulman, the Payment; and (c) the releases contained in paragraphs 9(a) and (b) hereof, and the obligations contained in paragraph 10 hereof, shall be null and void and of no force or effect.

9. The following releases shall be effective on the ninety-first (91st) day after the Payment is made in accordance with paragraph 6 hereof, provided that the Conditions have been met:

(a) Ms. Schulman's Release of Two Park. From and including the beginning of time through the date this release becomes effective, Ms. Schulman hereby waives and releases any claims, demands, causes of actions, liabilities, costs, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, promises, variances, trespasses, damages, judgments, extents, and executions whatsoever, in law, or equity ("Claims"), which Ms. Schulman, her heirs,

and/or the entities listed on Exhibit C hereto have or had, whether known or unknown, against Two Park, its representatives, agents, employees, members, directors, partners, affiliates, parents, administrators, successors and assigns (the "Two Park Released Parties"), arising out of or in connection with the Lease (including without limitation any requested or potential extensions or amendments of the Lease), the Premises, and any Two Park Released Party's communications or actions, which include, but are not limited to, the allegations in Sarid Drory's emails to Maria Blake, dated October 6, 2014; Sarid Drory's emails to Robert Bressman, dated December 9, 2014 re: Contracts; Sarid Drory's email to Maria Blake, dated December 10, 2014 re: email; Sarid Drory's email to Gene Spiegelman and Maria Blake, dated January 27, 2015 re: Lease Extension; Stephanie Schulman's email to Maria Blake, dated March 5, 2015 re: 2 Park Avenue – Artisanal Lease; Jeff Lagowitz's email to Alisa Amsterdam and Gene Spiegelman, dated March 20, 2015 re: Artisanal 2 Park Avenue; Sarid Drory's email to Maria Blake, dated April 22, 2015 re: Lease extension for 24 months; Sarid Drory's email to Jose Toro, dated April 22, 2015 re: Access to Premises – Artisanal Bistro; Sarid Drory's email to Gene Spiegelman, dated April 22, 2015 re: Fraud in the inducement; and Sarid Drory's email to Jose Toro, dated March 22, 2016 re: Fire dept violation and environmental hazard/fraudulent inducement/asbestos lawsuit (the "Emails"). This release shall not govern nor apply to any breach of the terms and conditions of this Agreement.

(b)     Two Park's Release of Ms. Schulman. From and including the beginning of time through the date this release becomes effective, Two Park hereby waives and releases any Claims which Two Park, its predecessors, successors and/or assigns have or had, whether known or unknown, against Ms. Schulman, her heirs, and the entities listed on Exhibit C hereto arising out of or in connection with the Lease (including without limitation any requested or potential extensions or amendments of the Lease), or the Premises. This release shall not govern nor apply to any breach of the terms and conditions of this Agreement or to any third-party claims asserted against Two Park or liabilities arising out of such claims asserted against Two Park, to the extent such claims or liabilities arise out of Ms. Schulman's or Artisanal's actions or omissions under the Lease or in connection with Artisanal's occupancy of the Premises.

10.    Two Park and Ms. Schulman (each, a "Non-Disparaging Party") agree that each Non-Disparaging Party shall refrain, and shall cause each of its officers, directors, employees, advisors and other representatives (collectively, its "Representatives") to refrain, from making, uttering, speaking, writing, or in any other manner, transmitting or communicating to any person or entity who is not a Party any disparaging remark about the other Non-Disparaging Party relating to the circumstances that gave rise to the Agreement, except that each such Non-Disparaging Party and its Representatives may transmit or communicate such information: (a) to the Bankruptcy Court in the Debtor's chapter 11 case; (b) to any governmental, judicial or regulatory authorities or agencies with authority over

such Non-Disparaging Party; (c) to the extent required by applicable law, rule, regulation, or judicial or other legal process (including pursuant to a subpoena or court order); (d) in connection with any action to enforce this Agreement or any provision of this Agreement; and (e) as necessary for the operation of the Non-Disparaging Party's business (such as tax advisors, auditors, insurers, re-insurers, any current or future or actual or potential mortgagee, lender, purchaser, investor, partner, member, successor, or permitted transferee or assign). This paragraph shall be null and void and of no force or effect if: (a) the Payment is not made in accordance with paragraph 6 hereto, or (b) either of the Conditions is not met.

11. In the event the Motion to Dismiss is denied, then: (a) Robinson Brog shall not release the Escrow Funds to Two Park; (b) this Agreement (including without limitation the releases contained in paragraphs 9(a) and (b) hereof and the obligations contained in paragraph 10 hereof) shall be null and void and of no force or effect, other than with respect to any representation or warranty made by any Party hereunder; and (c) the Mutual Release shall be null and void and of no force or effect.

12. Each Party warrants and represents that, in executing the Agreement, such Party is not relying upon any oral representation, promise or statement or any representation or statement contained in any other written instrument. In addition, each of the Parties is represented by counsel and represents to each other that they: (a) have reviewed with their respective attorney, and fully understand, each and every provision of the Agreement; (b) freely and of their own volition, have retained independent counsel to represent them in connection with the entry into the Agreement, and have had sufficient opportunity to discuss the Agreement, as well as each and every provision thereof, with such

attorney; (c) are therefore fully aware of the rights and duties of the respective Parties under the Agreement; (d) have voluntarily, knowingly and intentionally executed and delivered the Agreement, intending to be fully bound hereby, without any threat, harassment, other improper inducement, or other improper conduct, either on the date hereof or heretofore; and (e) each Party agrees to execute any additional documents which may be necessary to effectuate the purpose and intentions expressed herein.

13. Each individual signing the Agreement on behalf of any Party acknowledges and, with respect to his or her own signature below, warrants and represents, that he or she is authorized to execute the Agreement in the capacity indicated below and on behalf of the Party there indicated.

14. Neither the execution nor the performance of any term of this Agreement shall constitute or be construed as an admission or waiver respecting the merits or lack thereof of any claim by any Party as against another.

15. No modification or waiver of the terms of the Agreement shall be effected unless it shall be in writing and executed by the Parties.

16. The Agreement shall be governed by the laws of the State of New York, without reference to conflict of law rules or principles. If any Party brings any proceeding arising out of the Agreement, such Party may bring such proceeding only in a state or federal court located in the County, City, and State of New York, and each Party hereby submits to the exclusive jurisdiction of such courts for purposes of any such proceeding.

17. The Agreement may be executed in counterparts and by facsimile or email, each of which shall constitute an original.

*[Remainder of page intentionally left blank. Signature pages follow.]*

Dated: New York, New York
March 20, 2017

**STEPHANIE SCHULMAN**

_____


**PPF OFF TWO PARK AVENUE OWNER, LLC**, a Delaware limited liability company

By: PPF OFF TWO PARK AVENUE, LLC, a Delaware limited liability company, its Member

    By: PPF OFF, LLC, a Delaware limited liability company, its Member

        By: PPF OP, LP, a Delaware limited partnership, its Member

            By: PPF OPGP, LLC, a Delaware limited liability company, its General Partner

                By: PRIME PROPERTY FUND, LLC, a Delaware limited liability company, its Member

                    By: MORGAN STANLEY REAL ESTATE ADVISOR, INC., a Delaware corporation, its Investment Advisor

                    By: _____
                    **Name:** Andrew S. Bauman
                    **Title:** Managing Director

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.,** *solely in its capacity as an escrow agent*

By: _____
Name: A. Mitchell Greene
Title: Shareholder


**ROPES & GRAY LLP,** *solely in its capacity as an escrow agent*

By: _____
Name: Gregg Weiner
Title: Partner

11
58765136_14

# EXHIBIT A
## Form of Mutual Release

**WHEREAS,** on August 12, 2016, Artisanal Fromagerie & Bistro LLC ("Artisanal"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code;

**WHEREAS,** on _____, 2017, Ms. Stephanie Schulman and PPF OFF Two Park Avenue Owner, LLC ("Two Park" and, together with Artisanal, the "Parties") entered into that certain Settlement Agreement (the "Settlement Agreement"); and

**WHEREAS,** on _____, the United States Bankruptcy Court for the Southern District of New York entered a final, non-appealable order dismissing the Chapter 11 case;

**NOW, THEREFORE,** for good and valuable consideration, the Parties hereby agree that:

1. Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

2. From and including the beginning of time through the date this release becomes effective, Artisanal hereby waives and releases any Claims which Artisanal, its successors and/or assigns have or had, whether known or unknown, against any of the Two Park Released Parties, including, without limitation, those arising out of or in connection with the Lease (including without limitation any requested or potential extensions or amendments of the Lease), the Premises, and any Two Park Released Party's communications and actions, which include, but are not limited to, the allegations in the Emails. This release shall not govern nor apply to any breach of the terms and conditions of the Settlement Agreement.

3. From and including the beginning of time through the date this release becomes effective, Two Park hereby waives and releases any Claims which Two Park, its predecessors, successors and/or assigns have or had, whether known or unknown, against Artisanal, its representatives, agents, employees, members, directors, partners, affiliates, parents, administrators, predecessors, successors and assigns, including without limitation Susan Numeroff, Terrance Brennan, Sarid Drory and Yair Nudel (the "Artisanal Released Parties"), arising out of or in connection with the Lease (including without limitation any requested or potential extensions or amendments of the Lease), or the Premises. This release shall not govern nor apply to any breach of the terms and conditions of the Settlement Agreement or to any third-party claims

asserted against Two Park or liabilities arising out of such claims asserted against Two Park, to the extent such claims or liabilities arise out of any Artisanal Released Party's actions or omissions under the Lease or in connection with Artisanal's occupancy of the Premises.

4. From and including the beginning of time through the date this release becomes effective, Mr. Sarid Drory, in his personal capacity, hereby waives and releases any Claims which he, his successors and/or assigns have or had, whether known or unknown, against any of the Two Park Released Parties, including, without limitation, those arising out of or in connection with the Lease (including without limitation any requested or potential extensions or amendments of the Lease), the Premises, and any Two Park Released Party's communications and actions, which include, but are not limited to, the allegations in the Emails. This release shall not govern nor apply to any breach of the terms and conditions of the Settlement Agreement.

5. From and including the beginning of time through the date this release becomes effective, Two Park hereby waives and releases any Claims which Two Park, its predecessors, successors and/or assigns have or had, whether known or unknown, against Mr. Drory, in his personal capacity, arising out of or in connection with the Lease (including without limitation any requested or potential extensions or amendments of the Lease), or the Premises. This release shall not govern nor apply to any breach of the terms and conditions of the Settlement Agreement or to any third-party claims asserted against Two Park or liabilities arising out of such claims asserted against Two Park, to the extent such claims or liabilities arise out of any of Mr. Drory's actions or omissions in his personal capacity.

Dated: New York, New York
_____, 2017

**ARTISANAL FROMAGERIE & BISTRO LLC**

**By:**_____
**Name:**
**Title:**

**SARID DRORY**

_____

**PPF OFF TWO PARK AVENUE OWNER, LLC**, a Delaware limited liability company

    By: PPF OFF TWO PARK AVENUE, LLC, a Delaware limited liability company, its Member

        By: PPF OFF, LLC, a Delaware limited liability company, its Member

            By: PPF OP, LP, a Delaware limited partnership, its Member

                By: PPF OPGP, LLC, a Delaware limited liability company, its General Partner

                    By: PRIME PROPERTY FUND, LLC, a Delaware limited liability company, its Member

                      By: MORGAN STANLEY REAL ESTATE ADVISOR, INC., a Delaware corporation, its Investment Advisor

            By: _____
                **Name:** Andrew S. Bauman
                **Title:** Managing Director

# EXHIBIT B
## Two Park Wire Instructions

| Bank | JP Morgan Chase |
|---|---|
| ABA # | 021000021 |
| Account # | 673191727 |
| Account Name | PPF OFF Two Park Avenue Owner LLC |

# EXHIBIT C
## Entities Referenced in Paragraph 9

1. Artisanal 2015 LLC

2. Two Thousand Fifteen Artisanal LLC

3. Artisanal Casual LLC

58765136_14