ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE

NEW YORK, NEW YORK 10022-0123

(212) 603-6300

FAX (212) 956-2164

April 12, 2017

Robert M. Sasloff
(212) 603-6329
rms@robinsonbrog.com

**VIA EMAIL**
The Honorable James L. Garrity
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

                RE:   Artisanal Fromagerie & Bistro LLC ("Debtor")
                          <u>Chapter 11 Case No. 16-12337-jlg</u>

Dear Judge Garrity:

      Although writing letters directly to the Court is generally not a practice my firm engages in, we believe it appropriate to respond to the April 11, 2017 ex-parte letter of the Law Offices of Bridget Butler, Esq. regarding the above-referenced case.

      Foremost, we state for the record that the letter which purports to be an objection to the Debtor's motion to voluntarily dismiss its Chapter 11 case, which Your Honor granted at yesterday's hearing, is untimely and both procedurally and substantively improper. Without discussing the appropriateness of the ex-parte submission of the letter, the letter was not filed with the Court, but rather emailed to Your Honor and copied upon my office and the office of counsel to the Landlord late last night at approximately 11:24 p.m., the purported letter objection is procedurally improper because it is time barred, the objection deadline to the Debtor's motion passed on December 1, 2016.[1] Although the motion was adjourned numerous times, the objection deadline was not extended for this party; the party did nothing to bring its claim before this Court until after the hearing yesterday following the ruling granting the Debtor's motion. Based upon this alone, the Court should not consider the purported objection and should overrule it.

---

[1] Debtor's motion to dismiss this case was filed on November 14, 2016 with a return date of December 8, 2016.
853476

Moreover, and more importantly, the party does not have standing to object. As is stated in the letter and the documents attached thereto, the party does not have a claim against the Debtor, but rather, has a personal claim against the Debtor's principal, Mr. Vinca Sarid Bonfitlo Drory. (See Judgment attached to the purported letter objection). Based upon that, this party does not have standing to object to the Debtor's motion, nor to raise an objection with respect thereto. This is further bolstered by the substance of the letter which indicates that the party had entered into a loan agreement with the Debtor's principal in 2011 for his use in purchasing a New York City Restaurant—a restaurant that was never purchased. It is clear from the letter that that restaurant was not the Debtor's, but rather was intended to be some other restaurant. Mr. Drory did not even acquire his interest in the Debtor until some time in 2014 or 2015.

Finally, we note that the purported objection would fail to meet any applicable standards under the rules of this Court for relief from the Court's decision granting the dismissal motion. The alleged party does not provide any new evidence or state any error of law that should cause this Court to modify its decision. While the party requested additional time to file a formal objection, they do not refute that cause "was" shown for the dismissal of the case. Essentially, what this party seems to be suggesting is that because they are a creditor of Mr. Drory, the Debtor's case should not be dismissed.

That being said, it is the Debtor's position that this party is no worse off upon dismissal and is free to assert whatever state law remedies they may have against Mr. Drory directly. We believe that the letter, the request to hold up the dismissal of the case and the request for additional time to file papers is no more than a litigation tactic by this party in state court litigation against Mr. Drory, and not a true objection to the dismissal of the Debtor's case. In light of such, we believe the Court should not grant this party additional time, should overrule the objection and enter an order dismissing the Debtor's Chapter 11 case for the reasons stated at yesterday's hearing. Along with this letter, we are submitting a proposed dismissal order, the form of which was previously approved by the Office of the United States Trustee and Mark Somerstein, Esq., counsel to the landlord. We have added some language into the proposed order regarding the letter objection sent to Your Honor last night because we believe it is appropriate, under the circumstances, to address it in the order.

Should you have any other questions, please do not hesitate to have your chambers contact the undersigned.

Respectfully submitted,

Robert M. Sasloff

RMS:tef
Enclosures